ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 SEP 30 PM 2: 23
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| FAYE W. DYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 104-095 |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation. In her objections, Plaintiff argues that the Magistrate Judge erred in determining that a functional capacity report from her treating physician, Dr. James M. Ford, did not constitute new, material evidence necessitating remand pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. no. 11). Although acknowledging the report had some probative value, the Magistrate Judge concluded that the report did not "present[] any realistic chance of a different administrative outcome in this case" because it lacked support from the administrative record, which included Dr. Ford's own treatment notes, and was contradicted by Plaintiff's administrative hearing testimony regarding her regular activities. (Doc. no. 9, p. 11).

Plaintiff chiefly contends that Dr. Ford's report is material because it is from a treating source. (Doc. no. 11, p. 8). Here, Plaintiff apparently contends that new evidence

from a treating source *always* necessitates remand. This is not the law. A treating physician's opinion, even if new and noncumulative, will not necessitate remand if it is contradicted by or lacks support from the administrative record. See Magill v. Com'r of Social Security, No. 05-11856, 2005 WL 2076916, at *3 (11th Cir. Aug. 29, 2005)(unpublished)(rejecting treating physician's new evaluation which was "discredited" by the claimant's testimony regarding her activities and unsupported by the record evidence as "immaterial" and thus insufficient to furnish "a reasonable possibility that the ALJ would change her decision"); Cross v. Com'r of Social Security, 373 F. Supp.2d 724, 734-35 (N.D. Ohio 2005)(rejecting as "not material" a new statement from a treating physician which contradicted his own treatment notes); Moomey v. Apfel, 3 F. Supp.2d 970, 976 (C.D. Ill. 1998)(rejecting new evidence from treating source as inconsistent with record evidence as a whole). Here, the Magistrate Judge correctly concluded that Dr. Ford's report contradicts Plaintiff's hearing testimony and is not substantiated by the record evidence.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. The Commissioner's final decision is **AFFIRMED**, this civil action is **CLOSED**, and the Clerk is **DIRECTED** to **ENTER** a final judgment in favor of the Commissioner.

SO ORDERED this 30th day of September, 2005, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

EDMUND A. BOOTH, JR. ✓
KENT E. SILVER ✓

CASE NO: CV 104-095
DATE SERVED: 09/30/05
SERVED BY: J.A. HOWELL, III

☐ Copy placed in Minutes
☑ Copy given to Judge
☑ Copy given to Magistrate